UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



August 9, 2022

LETTER TO COUNSEL

RE: *Tamikka W. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 21-0541

Dear Counsel:

Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Tamikka W., and the Social Security Administration. (ECF Nos. 11, 12). The Plaintiff has also filed a reply brief. (ECF No. 15). Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

I.   **BACKGROUND**

Plaintiff filed a Title XVI Application for supplemental security income on February 1, 2019, and a Title II Application for Disability Insurance Benefits on February 1, 2019, alleging that disability began on February 10, 2016. (Tr. 12). These claims were initially denied on July 25, 2019, and upon reconsideration, denied again on February 6, 2020. (*Id*.). On February 11, 2020, Plaintiff filed a written request for a hearing, which was granted. The hearing was conducted on October 21, 2020 by an Administrative Law Judge ("ALJ"). (*Id.*). On November 30, 2020, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 14-22). On January 7, 2021, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (Tr. 1). *See also* 20 C.F.R. §422.210(a).

*Tamikka W. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 21-0541
August 9, 2022
Page 2

## II.     ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a). *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows: step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings"). If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v).

At steps one through four, it is the claimant's burden to show that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above. (Tr. 14-21). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 10, 2016, the alleged onset date of Plaintiff's disability. (Tr. 14). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depressive disorder, personality disorder, and post-traumatic stress disorder (PTSD). (*Id.*). The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by SSR 85-28. (*Id.*). At step three

*Tamikka W. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 21-0541
August 9, 2022
Page 3

the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 15-16). However, the ALJ also found that Plaintiff had a moderate limitation in concentration, persistence and pace, partially based on her testimony that she had "horrible attention and concentration" and was unable to "stay focused on anything." (Tr. 16).

Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform simple, routine tasks and understand, remember, and carry out simple instructions. She can have occasional interaction with coworkers and supervisors, yet no interaction with the general public, and can adapt to occasional changes in the work setting.

(Tr. 16-17). At step four, the ALJ found that Plaintiff was unable to perform past relevant work. (Tr. 20). Before making a finding regarding step five, the ALJ conducted a hearing. At that hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same age, education, and work experience as the Plaintiff and an ability to complete simple and routine tasks could perform Plaintiff's prior work as a merchandise clerk. (Tr. 48). The VE testified that this hypothetical individual would not be able to perform that kind of exertional work, however, she could work as a kitchen helper, cleaner, or counter supply worker. (Tr. 48-49). The second hypothetical added the modification that the individual could understand, remember, and carry out simple instructions in addition to limitations specified in Plaintiff's RFC. The VE opined that this hypothetical individual would be unable to perform Plaintiff's past work, however, she could work as a kitchen helper, cleaner, or counter supply worker. (Tr. 49-50). The third hypothetical added the limitations that the person would be off task more than 20% of the time in a work day; the VE testified that no work would be available for such an individual. (Tr. 50).

Regarding step five, then, the ALJ opined that based on the testimony of the vocational expert, i.e., considering Plaintiff's age, education, work experience, and RFC, Plaintiff was not disabled. Plaintiff could perform other work existing in significant numbers existing in the national economy, e.g., as a kitchen helper, counter supply worker, and a cleaner. (Tr. 21).

### III.   DISCUSSION

On appeal to this Court, Plaintiff's sole argument is that the ALJ failed to adequately account for her limitations in maintaining concentration, persistence or pace in making an RFC assessment or otherwise explain why she did not include a limitation in Plaintiff's RFC. (ECF No. 11-1, "Plaintiff's Br.," pp. 9-15). Specifically, Plaintiff avers that because the ALJ found that Plaintiff's ability to concentrate, persist and maintain pace was moderately limited, the ALJ was required to include a corresponding limitation in Plaintiff's RFC, or to thoroughly explain why no such limitation was necessary. (*Id*.). In the absence of either, remand is required per *Mascio*, *supra*, and *Talmo v.Comm'r, Soc. Sec. Admin.*, Civ. No. ELH 14-2214, 2015 WL 2395108 (D. Md. May 19, 2015).

*Tamikka W. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 21-0541
August 9, 2022
Page 4

Urging against remand, the SSA contends that: (1) substantial evidence exists to support the ALJ's RFC determination; (2) the ALJ was not required to include a specific limitation in the RFC related to Plaintiff's moderate difficulties; and (3) the ALJ adequately explained why she did not include in the RFC a limitation related to Plaintiff's moderate difficulties in concentration, persistence and pace. (ECF No. 12-1, "Defendant's Br.," pp. 5-7). Defendant relies principally on *Shinaberry v. Saul*, 952 F.3d 113 (4th Cir. 2020) to advance its argument. (Defendant's Br., p. 5).

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's arguments for the reasons explained herein. Thus, I grant remand under sentence four of 42 U.S.C. §§ 405(g).

Pursuant to 20 C.F.R. § 416.945(a)(1), a claimant's RFC captures her ability to do physical and/or mental work activities for a sustained period of time, given her limitations. Put another way, a claimant's RFC is defined as the "most that a claimant can do despite her limitations." *Britt v. Saul*, No. 19-2177, 2021 WL 2181704, at *5 (4th Cir. May 28, 2021). To fashion an RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)(quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2 (July 2, 1996). In assessing a claimant's RFC, the ALJ must describe the claimant's ability to perform "sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week)," describing the "maximum amount of each work-related activity" that a claimant can perform. SSR 96–8p, 1996 WL 374184, at *7. An ALJ's RFC determination should include a "narrative discussion describing how the evidence supports each conclusion citing specific medical facts . . . and nonmedical evidence." (*Id.*). The Fourth Circuit has held that a "proper RFC analysis has three components: (1) evidence; (2) logical explanation, and (3) conclusion. *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). In her narrative discussion, an ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citation omitted). Furthermore, an ALJ's logical explanation is just as important as the other two components of the RFC analysis. *Rosalind M. v. Saul*, Civ. No. GLS 19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020).

I find *Mascio* and *Shinaberry* to be controlling here. In *Mascio*, the Court found that the ALJ made several errors in the claimant's RFC findings that led to the denial of the claimant's supplemental security income benefits. Of particular relevance here is the Fourth Circuit's holding that the ALJ erred by not explaining why Mascio's moderate limitation in concentration, persistence, or pace at step three did not translate into the RFC finding. *Mascio*, *supra*, at 638. The Court further reasoned that the ALJ does not account for a claimant's limitations in concentration, persistence, and pace by simply restricting a claimant's RFC to simple, routine tasks because the ability to stay on task differs from the ability to perform simple tasks. *Id.* Therefore, the Court found that the ALJ's deficient explanation frustrated a meaningful review. *Id.* at 638-89. *Shinaberry* is also instructive because the Fourth Circuit makes clear that it does "not impose

a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry*, *supra*, 121. Rather, the Fourth Circuit held that a limitation to "simple tasks" **can** account for moderate limitations in concentration, persistence, or pace **if** the ALJ explicitly states why a limitation to "simple tasks" is appropriate. *Id.* (emphasis added). The lesson from *Shinaberry*, then, is that the ALJ must explain that despite no mention in a claimant's RFC of her/his limitation in concentration, persistence, or pace, evidence exists to support the notion that the claimant's limitation does not impede his/her ability to stay on task and complete simple tasks. *Id.*

I do not find that the ALJ's RFC assessment properly accounted for plaintiff's difficulties in maintaining concentration, persistence and pace. At step three of the sequential evaluation process, the ALJ held that the record supports that Plaintiff suffered from depressive disorder, personality disorder, and post-traumatic stress disorder, which the ALJ found to be severe because they limited her ability to perform basic work activities. (Tr. 14). The ALJ also found that Plaintiff had moderate difficulties maintaining concentration, persistence, and pace. (Tr. 16). In so finding, the ALJ noted Plaintiff's testimony about how she had "horrible attention and concentration," and that she could not "stay focused on anything." (*Id.*). The RFC only includes a social-functioning limitation that Plaintiff can occasionally interact with co-workers, supervisors and the public. (Tr. 17). Even though the RFC does reflect that Plaintiff "can perform simple, routine tasks and understand, remember, and carry out simple instructions," there is no explicit limitation related to her inability to concentrate, persist, and maintain pace. (Tr. 17-20). The RFC does include the limitation that Plaintiff can "perform simple, routine tasks and understand, remember, and carry out simple instructions," but this is not enough. The ALJ does not explain which evidence led her to find that despite Plaintiff's moderate mental functional limitations Plaintiff can still "perform simple, routine tasks and understand, remember, and carry out simple instructions." Put another way, the ALJ's narrative does not discuss the facts that logically supported the moderate mental functional limitation that the ALJ fashioned, and why the limitation is sufficient. The failure to provide a specific explanation addressing these points constitutes error, and remand is required. *Talmo*, 2015 WL 2395108, at *3 (case remanded where ALJ failed to cite any evidence to support conclusions regarding Plaintiff's ability to perform tasks related to concentration, persistence, and pace); *Williams v. Berryhill*, Civil No. TMD 17-1083, 2018 WL 3092273, at *6 (D. Md. June 22, 2018) (remand required because RFC limiting Plaintiff to simple, routine, repetitive tasks failed to account for Plaintiff's moderate difficulties in maintaining concentration, persistence, or pace); c*ontra Shinaberry*, *supra*, at 122 (finding no error because the ALJ considered the finding at step three that she has moderate limitations in her concentration, persistence, or pace, and explained that Shinaberry's borderline intellectual functioning "support[s] the additional mental limitation restricting the claimant to jobs requiring only simple, routine, repetitive tasks."). Finally, there is no explanation from the ALJ about how Plaintiff can stay on task given her limitations. (Tr. 17-20). This is contrary to *Mascio. supra*, 780 F.3d at 638-89.

Because I cannot discern why the ALJ fashioned Plaintiff's RFC as she did, nor discern why the RFC did not include any reference to Plaintiff's ability to sustain tasks over a typical workday, I remand this matter for further proceedings. *Williams*, 2018 WL 3092273, at *6.

I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

### IV.     CONCLUSION

For the reasons set forth above, both parties' summary judgment motions (ECF Nos. 11, 12) are **DENIED**.  In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate explanation.  The case is **REMANDED** for further proceedings in accordance with this opinion.  I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct.  The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such.  A separate Order follows.


Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge