UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



December 29, 2025

LETTER TO COUNSEL

   RE: *Tamikka W. v. Bisignano,*[1] *Commissioner of the Social Security Administration*
     Civ. No. GLS-21-00541

Dear Counsel:

  On October 6, 2025, Counsel for the Plaintiff, Arjun K. Murahari, Esq. ("Mr. Murahari") filed a motion seeking attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 26)[2]. The Commissioner of the Social Security Administration ("the Commissioner" or "the Agency") filed a response, neither supporting nor opposing the requested relief. (ECF No. 27). Rather, the Commissioner defers to the judgment of the Court to determine whether the fee request is reasonable. (*Id.*, p. 2). This matter has been fully briefed, and I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. Dec. 1, 2025). For the reasons set forth below, the Motion will be **GRANTED**, and attorney's fees will be awarded in the amount of $16,986.50, and counsel will be required to refund $3,427.38 to Plaintiff.

**I. BACKGROUND**

  On March 3, 2021, Plaintiff petitioned this Court to review the Social Security Administration's final decision to deny her claim. (ECF No. 1). Plaintiff's case was fully briefed before this Court, including the filing of a motion for summary judgment, the Commissioner's opposition thereto, and a Reply from Plaintiff. (ECF Nos. 11, 12, 15). On August 9, 2022, this Court issued a Letter Opinion, reversing in part the Agency's judgment and remanding Plaintiff's claim to the Social Security Administration for further proceedings, consistent with sentence four of 42 U.S.C. § 405(g). (ECF No. 16).[3]

  On September 26, 2022, Plaintiff's counsel petitioned this Court for attorney's fees, to which the Commissioner filed a response. (ECF Nos. 18, 20). On October 11, 2022, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, the Court awarded Mr. Murahari

---

[1] On May 6, 2025, Frank Bisignano became the Commissioner of the Social Security Administration.
[2] By Order of the Court, a corrected version was filed on December 12, 2025. (ECF No. 29, "the Motion").
[3] In the Letter Opinion remanding the case for further proceedings, the Court provides the full procedural background of this case. (ECF No. 16, p. 1).

*Tamikka W. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-21-0541
December 29, 2025
Page 2

attorney's fees in the amount of $3,427.38 for 15.50 hours worked on Plaintiff's case. (ECF No. 22).

On August 1, 2025, Mr. Murahari filed a Line and attached thereto a favorable decision from the Agency, which resulted in an award of past-due Social Security disability benefits. (*See* ECF Nos. 23, 23-1, 23-2). However, because the Notice of Award dated July 19, 2025 did not reflect the total number of past due benefits awarded to the Plaintiff, Mr. Murahari requested that the Court issue an order for attorney's fees representing 25 percent of Plaintiff's benefits award pending a more detailed Notice of Award. (ECF No. 23).

On August 28, 2025, the Court issued an Order directing Plaintiff to provide a status update to the Court by no later than September 29, 2025. (ECF No. 24). On September 18, 2025, Mr. Murahari filed a letter advising the Court that a more detailed Notice of Award was forthcoming, and that the Agency had been served a copy of the Line. (ECF No. 25).

On October 6, 2025, Mr. Murahari filed a "Motion for Attorney's Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b)" seeking attorney's fees in the amount of $16,986.50, which he claims represents 25 percent of Plaintiff's benefits award. (ECF No. 26). Attached thereto was a Notice of Award dated September 22, 2025. (ECF No. 26-4).[4] The Notice reflects that Plaintiff was awarded $67,946.00 in past-due benefits. (*Id.*, p. 3).

On October 20, 2025, the Agency filed a response, in which the Agency represents that it "neither supports nor opposes counsel's request for attorney's fees," however, "requests that the Court specify in its order that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." (ECF No. 27, pp. 1-2).

On December 10, 2025, upon review of the motion and the numerous blank pages appended thereto, the Court directed Plaintiff to file an amended/corrected motion that contains all of the necessary pages. (ECF No. 28). On December 12, 2025, Mr. Murahari promptly filed a corrected motion for attorney's fees. (ECF No. 29, "the Motion").

## II. STANDARD OF REVIEW

Under the Social Security Act, an attorney may recover a "reasonable fee" for his representation of an individual who receives a favorable decision related to an application for disability benefits. 42 U.S.C. § 406(b)(1). However, an attorney's fee may not exceed 25 percent of an individual's past-due benefits award. *Id.*

When an attorney seeks an award pursuant to a contingency fee agreement, a court has an obligation to independently review the agreement to ensure that it will "yield reasonable results," i.e., a reasonable fee is being sought, given the facts of the case. *Gisbrecht v. Barnhart*, 535 U.S.

---

[4] Per the Agency, the Notice of Award dated September 22, 2025 "replaces our previous letter dated July 19, 2025." (ECF No. 26-4, p. 1).

Case 8:21-cv-00541-GLS    Document 30    Filed 12/29/25    Page 3 of 6

*Tamikka W. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-21-0541
December 29, 2025
Page 3

789, 807 (2002). A court enjoys broad discretion when deciding what award, if any, is reasonable. *See Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005).

To determine whether a request for attorney's fees pursuant to 42 U.S.C. § 406(b) is reasonable, a court may consider a variety of factors such as: (1) whether the fee is "out of line" with the character of the representation and the results achieved; (2) any delay caused by counsel that caused past-due benefits to accumulate during the pendency of the case; and (3) whether the past-due benefits award is "large in comparison" to the time counsel spent on the case, i.e., whether the requested fee would result in a "windfall." *See Mudd*, 418 F.3d at 428 (citing *Gisbrecht*, 535 U.S. at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order")).

Following *Mudd*, and before March 2025, in this District, courts adopted the practice of evaluating whether a fee award will result in a "windfall" by first calculating the hourly rate that will result from the contingency fee agreement, i.e., the contingency fee award divided by the hours actually worked on the matter. *See Myisha G. v. Saul*, Civ. No. DLB-19-720, 2021 WL 2661503, at *1 (D. Md. June 29, 2021). Then, this hourly rate was compared to the then-presumptively-reasonable hourly attorney billing rates outlined in the Local Rules of the United States District Court for the District of Maryland, Appendix B ("the Guidelines").[5] If the hourly rate resulting from a contingency fee agreement in a particular case far exceeded the presumptively- reasonable rate set forth in the Local Rules, it was less likely that the requested fee would be found to be reasonable. However, in cases where an attorney's advocacy resulted in a favorable decision, courts in this District routinely approved hourly rates that were "much higher" than those outlined in the Local Rules. *See e.g.*, *id.* at *2; *Gregory K. v. Saul*, Civ. No. DLB-19-2235, 2021 WL 4391263, at *2 (D. Md. Sept. 24, 2021); *Craig C. v. Comm'r Soc. Sec. Admin.*, Civ. No. SAG-17-2782, 2019 WL 2076247, at *2 (D. Md. May 10, 2019); *Steven S. v. Comm'r Soc. Sec. Admin.*, Civ. No. JMC-19-1055, 2022 WL 18024793, at *2 (D. Md. Jan. 24, 2022).

The Fourth Circuit in March 2025 held that a court "may consider, but is not bound by" the Guidelines' hourly billing rates. *De Paredes v. Zen Nails Studio, LLC,* 134 F.4th 750, 754 (4th Cir. 2025)(citing *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 229 (4th Cir. 2009)).  Thus, when a court is faced with a fee petition and is determining whether a fee rate is "reasonable," it may not treat the Guidelines' hourly rates as "presumptively reasonable and require special justification to deviate from [them]." *De Paredes*, 134 F.4th at 751 (further citations omitted).  Rather, a court "must consider all relevant evidence to determine the prevailing market rates in the relevant community [. . .] including lawyer affidavits, fee awards in similar cases, general surveys, fee matrices, and even its 'own personal knowledge." *(Id.*).  Consequently, in December 2025, the Guidelines were revised such that they no longer contain a detailed matrix on suggested hourly rates. Loc. R. App. B. 3. (D. Md. Dec. 1, 2025).  Relatedly, there is now a

---

[5] Although the Local Rules do not govern how fee petitions in Social Security cases are handled, the Local Rules used to contain guidelines for determining attorney's fees in certain cases, which were instructive in evaluating the reasonableness of the effective hourly billing rates. *See* Local Rules, App'x B., n.3a.-3e. (D. Md July 1, 2025); *see also*  Local Rules, App'x B, n. 1 (D. Md. December 1, 2025) (stating that Local Rules do not govern "social security and Prisoner Litigation Reform Act cases");

*Tamikka W. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-21-0541
December 29, 2025
Page 4

reference to the "Fitzpatrick Matrix"[6] for calculating hourly billing rates, and the notion that a court may apply a 5-20% reduction to the total fee amount sought to reflect the difference between hourly rates for Washington, D.C. and Maryland. (*Id.*). That being said, the Guidelines also make clear that the factors identified in pertinent caselaw still govern how a court decides a reasonably hourly rate and a reasonable number of hours billed for services rendered. (*Id.*).

Next, although a court may only award fees under the Social Security Act for "court-related work," in performing its "reasonableness inquiry," a court may also consider the legal work performed by counsel when the matter was before the Agency. *See Myisha G.*, 2021 WL 2661503, at *1. This is because that legal work can inform a court about, e.g., the complexity of the case, the lawyering skills necessary to provide representation, and the significance of the results achieved. *Myisha G.*, 2021 WL 2661503, at *1 (citing *Mudd*, 418 F.3d at 428).

Finally, if a court finds that an attorney is entitled to a fee award under the Social Security Act, and such attorney has already received an award for attorney's fees under the EAJA, then the attorney must reimburse his client the smaller of the two fees. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

### III.   ANALYSIS

As a preliminary matter, the Court first finds that Mr. Murahari timely filed the original motion requesting attorney's fees on October 6, 2025, as the "Notice of Award" is dated September 22, 2025.[7] *See* ECF Nos. 26-4, p. 1; 29-3, p. 1; Local Rule 109.2(c) (motion for attorney's fees must be filed within thirty days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefit calculation).

Next, as the Court has reviewed the entire history in this case, it is undisputed that Mr. Murahari and Plaintiff entered into a contingency fee agreement, and that Plaintiff agreed to pay him 25 percent of any disability benefits awarded. (ECF No. 18-4). Thus, the Court can proceed to analyze the *Mudd* factors.

As it relates to the first *Mudd* factor, the Court finds that Mr. Murahari's requested fee award is supported by the character of his representation and the results achieved. Specifically, in this case, Plaintiff signed a contingency fee agreement wherein she agreed to pay Mr. Murahari 25 percent of all retroactive benefits to which he was entitled. (ECF No. 18-4). The Court finds that Mr. Murahari's request of $16,986.50 in attorney's fees does not exceed the 25 percent statutory cap of Plaintiff's past-due benefits award of $67,946.00, which is consistent with 42 U.S.C. § 406(b)(1). In addition, through Mr. Murahari's advocacy, Plaintiff was awarded past-due benefits. (*See* ECF Nos. 29-2, 29-3). Accordingly, the Court finds that this factor weighs in favor of granting Mr. Murahari's request.

---

[6] The Fitzpatrick Matrix is available at https://www.mdd.uscourts.gov/sites/mdd/files/fitzpatrick-matrix.pdf.
[7] *See supra* n. 4.

Case 8:21-cv-00541-GLS   Document 30   Filed 12/29/25   Page 5 of 6

*Tamikka W. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-21-0541
December 29, 2025
Page 5

Turning to the second *Mudd* factor, there is no evidence before the Court that Mr. Murahari caused any delay that led to the accumulation of past-due benefits during the pendency of the case. Thus, the Court finds that this factor, too, weighs in favor of granting Mr. Murahari's request.

Turning to the third *Mudd* factor, the key question before the Court is whether Mr. Murahari's requested fee award will result in a windfall to him. Courts in this District determine whether an attorney's fees award will result in a windfall by determining the hourly rate that results from the contingency fee agreement in a particular case and comparing such hourly rate to the presumptively reasonable hourly rates provided in the Local Rules.

In the instant case, in connection with his original fee petition, Mr. Murahari submitted a timesheet reflecting that his law firm expended 15.50 hours working on Plaintiff's case. (*See* ECF Nos. 18-6, ¶¶ 7-8; 18-8). He also previously filed an affidavit in which he represented that he has been a member of the Bar since 2011, and his hourly billing rate is $350.00. (*See* ECF No. 18-6, ¶¶ 5-6). That hourly rate is within the presumptively reasonable hourly rate commensurate with his experience. *See* Fitzpatrick Matrix, p. 1. However, in connection with his Motion, he seeks 25 percent of $67,946.00, which translates to an effective hourly rate of $1,095.90 per hour ($16,986.50/15.5 hours). *See Myisha G.*, 2021 WL 2661503, at *1. Thus, Mr. Murahari must show that his effective hourly rate is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807. If the hourly rate resulting from a contingency fee agreement in a particular case far exceeds the presumptively reasonable rate set forth in the Local Rules, it is less likely that the requested fee is reasonable. *See Myisha G.*, 2021 WL 2661503, at *1.

Mr. Murahari's hourly rate of $1,095.90 is $315.90 more than the corresponding rate of $780.00 (for an attorney with fourteen years of experience) according to the Fitzpatrick Matrix for Washington, D.C. (*See* Fitzpatrick Matrix, p. 1). Were the undersigned to apply a reduction of 5% to reflect the difference between hourly rates for Washington, D.C. and Maryland, Mr. Murahari's hourly rate of $1,095.90 would be $354.90 more than the corresponding hourly rate of $741.00.

Before *De Paredes*, many courts in this District found reasonable hourly rates that were more than double the applicable rate provided in the Local Rules where, as is the case here, a plaintiff has received a favorable decision. *See e.g.*, *James K. v. Saul*, Civ. No. DLB-19-673, 2021 WL 1753567, at *2 (D. Md. May 4, 2021) (where the court found effective hourly rate more than three times attorney's typical hourly rate to be reasonable); *Matthew C. v. Comm'r, Soc. Sec. Admin.*, Civ. No. JMC-20-3240, 2023 WL 3043906, at *2 (D. Md. Apr. 21, 2023) (where the court found effective hourly rate well over three times attorney's typical hourly rate to be reasonable); *Turner v. Kijakazi*, Civ. No. ABA-20-3371, 2023 WL 8829241, at *2 (D. Md. Dec. 21, 2023) (where the court found effective hourly rate more than four times attorney's typical hourly rate to be reasonable). Taking this factor into account, and after reviewing the affidavit and materials provided by counsel, the Court finds that Mr. Murahari's requested hourly rate is not unreasonable. *De Paredes*, 134 F.4th at 751. The Court further finds that Mr. Murahari's requested fees award will not result in a windfall. Therefore, all factors weigh in favor of this Court finding that Mr. Murahari's request is reasonable.

Case 8:21-cv-00541-GLS   Document 30   Filed 12/29/25   Page 6 of 6

*Tamikka W. v. Bisignano, Commissioner of the Social Security Administration*
Civ. No. GLS-21-0541
December 29, 2025
Page 6

Furthermore, an attorney who is awarded fees both under the EAJA and Section 406(b) must reimburse the plaintiff the smaller of the two fee amounts. *Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E.*, 565 F.3d at 135. ("[W]hile attorney's fees may be awarded under both the EAJA and § 406(b), the Savings Provision clarifies that the attorney must refund to the claimant the smaller fee"). On October 11, 2022, the Court awarded Mr. Murahari attorney's fees pursuant to the EAJA in the amount of $3,427.38. (ECF No. 22). Therefore, Mr. Murahari must reimburse Plaintiff in the amount of $3,427.38 for attorney's fees that he was previously awarded, which counsel has agreed to do. (*See* ECF No. 29, p. 2).

Finally, the Court agrees with the government that the requested fee amount is to be paid out of the past-due benefits awarded to the Plaintiff. *Culbertson v. Berryhill*, 586 U.S. 53, 61 (2019).

### IV.   CONCLUSION

For the reasons set forth above, the Motion, (ECF No. 29), is **GRANTED**. Specifically, the Court: (1) **AWARDS** Mr. Murahari attorney's fees in the amount of $16,986.50 pursuant to the Social Security Act, 42 U.S.C. § 406(b), to be paid out of Plaintiff's past-due benefits in accordance with Agency policy; and (2) **ORDERS** Mr. Murahari to **REIMBURSE** Plaintiff the $3,427.38 that was previously awarded in attorney's fees pursuant to the EAJA.

The Clerk of the Court is directed to **CLOSE** this case.

A separate Order follows.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge